J-S24017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH WARREN | |
| Appellant | No. 1528 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008734-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH WARREN | |
| Appellant | No. 1530 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008736-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH WARREN | |
| Appellant | No. 1535 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019

In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0008750-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH WARREN | |
| Appellant | No. 1536 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008752-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH WARREN | |
| Appellant | No. 1539 EDA 2019 |

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008754-2015, CP-51-CR-0008756-2015, and CP-51-CR-0008758-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH WARREN | |
| Appellant | No. 1542 EDA 2019 |

J-S24017-20

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008756-2015

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

KEITH WARREN

Appellant

IN THE SUPERIOR COURT
OF PENNSYLVANIA

No. 1604 EDA 2019

Appeal from the PCRA Order Entered March 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0008758-2015

BEFORE:  BENDER, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:              **FILED NOVEMBER 20, 2020**

Appellant, Keith Warren, appeals from the March 28, 2019 order[1] denying his petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We reverse.

A prior panel of this Court summarized the pertinent facts and procedural history:

> On June 22, 2015, Basil Elliot and two other men attacked Co-defendant.  Later that day, Co-defendant convinced Appellant to use Co-defendant's shotgun to exact revenge on Mr. Elliot. Appellant fired the shotgun numerous times on a crowded street

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  Appellant filed a separate notice of appeal at each of the seven consolidated docket numbers.

- 3 -

and injured seven people. Appellant then fled through a vacant lot, where police later recovered the shotgun. Police traced the shotgun to Co-defendant's brother, who purchased the shotgun for Co-defendant. At trial, witnesses testified that Appellant and Co-defendant were friends and often frequented the block where the shooting occurred. Witnesses also identified Appellant as the person who used the shotgun on the day of the shooting. On November 10, 2016, a jury convicted Appellant of seven counts each of criminal attempt (first-degree murder), aggravated assault, and PIC, and one count each of conspiracy and persons not to possess a firearm. The court then sentenced Appellant to an aggregate term of 100 to 200 years' imprisonment on January 27, 2017.

*Commonwealth v. Warren*, 691 EDA 2017 (Pa. Super. March 27, 2018), unpublished memorandum at 1-2. Direct appeal counsel proceeded under *Anders v. California*, 386 U.S. 738 (1967), and this Court affirmed the judgment of sentence and granted counsel's petition to withdraw. *Id.* at 12.

Appellant filed this timely counseled PCRA petition on August 16, 2018. The Commonwealth filed a motion to dismiss the petition on February 25, 2019. On February 28, 2019, the PCRA court filed its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant did not respond, and the PCRA court entered the order on appeal on March 28, 2020.

Appellant argues appellate counsel was ineffective for failing to challenge the discretionary aspects of his sentence. Before we address the merits, however, we must consider the Commonwealth's candid assertion that Appellant's argument is moot because his sentence is illegal. In particular, as to victim Basil Elliot, the trial court imposed 20 to 40 years of incarceration

for attempted murder and a consecutive 10 to 20 years for conspiracy to commit murder.

The Pennsylvania Crimes Code provides as follows with regard to multiple inchoate crimes:

> A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime.

18 Pa.C.S.A. § 906. In **Commonwealth v. Ford**, 461 A.2d 1281, 1288-89 (Pa. Super. 1983), this Court explained that a sentence imposed in violation of § 906 is illegal and the issue therefore cannot be waived. Furthermore, the **Ford** Court held that § 906 forbade convictions for attempted murder, conspiracy, and possession of an instrument of crime where all three offenses "were perpetrated with one objective in mind—the (attempted) killing of [one victim.]" **Id.** at 1289. Because the trial court imposed consecutive sentences for conspiracy and attempted murder, we vacated the entire judgment of sentence and remanded for resentencing. We further observed that the trial court would have to choose one inchoate crime on which to impose sentence. **Id.**

We conclude, in accord with § 906 and **Ford**, that the trial court imposed an illegal sentence. Appellant was convicted of conspiracy to commit murder and attempted murder for conduct designed to culminate in the commission of the same crime—the murder of Basil Elliot. Given the considerations set forth in **Ford**, and given that our result will disturb the trial court's sentencing

- 5 -

scheme of creating a lengthy aggregate sentence out of numerous consecutive sentences, we will vacate the entire judgment of sentence and remand for resentencing.[2]

Order reversed. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/20

---

[2] We note the Commonwealth's observation that Appellant "was convicted and sentenced, consecutively, on seven counts of attempted murder, where, at most, he had the criminal intent to murder only two people[.]" Commonwealth's Brief at 8. Given our result, we do not opine on the applicability of § 906 to a case involving multiple bystanders injured by shotgun blasts.